UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| COLE LAUX, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:15-CV-453-TLS |
| CITY OF DALLAS, and JOHN DOE, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

The Plaintiff, Cole Laux, sued the City of Dallas for injuries he sustained when he was visiting the City on October 14, 2013, and fell into a manhole that was not properly covered. Subject matter jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332. The Defendant City of Dallas filed a Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) and Improper Venue Pursuant to Rule 12(b)(3), and Alternatively, Motion to Transfer Venue, and Brief in Support [ECF No. 8]. The Plaintiff did not respond to the City's Motion and, on January 11, 2016, the Court granted the Motion and dismissed the Complaint without prejudice.

Although the Plaintiff did not respond to the original Motion, he has since filed a Motion to Correct [ECF No. 11], which the Court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Plaintiff requests that the Court "transfer this case to the Northern District of Texas as requested by the City of Dallas in their alternative motion." (Mot. 1.) The Plaintiff asserts that he "deserves his day in court without going through filing a new pleading in Texas" which would cost him financially. (*Id.*) The Plaintiff also appears to take issue with the Court's finding that it does not have personal jurisdiction over the City of Dallas and presents arguments to that effect. The Court declines to address that portion of

the Plaintiff's Motion. *See, e.g., Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007 ) (stating that Rule 59(e) is not for re-litigating issues that have already been decided); *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (noting that Rule 59(e) motions are not vehicles to introduce new evidence or advance arguments that could or should have been presented to a district court prior to the entry of judgment). However, the Court considers whether it should now transfer the cause to the Northern District of Texas because of newly discovered evidence or a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (holding that altering or amending a judgment under Rule 59(e) is permissible where the movant clearly establishes that there is newly discovered evidence or there has been a manifest error of law or fact).The City argues that the Plaintiff's Motion to Correct has no merit, and that the Court should not save the Plaintiff from the inconvenience of filing his lawsuit in Texas after he "inconvenienc[ed] both the City and this Court by filing his lawsuit in a demonstrably wrong forum." (Def. City of Dallas' Resp. 2, ECF No. 12.)

A civil action may be brought in a judicial district where any defendant resides, or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). An entity with the capacity to sue and be sued, like the City of Dallas, "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Finding that this Court did not have personal jurisdiction over the City of Dallas for an alleged negligence tort committed in Texas, venue also did not lie in this Court and the change of venue provision of 28 U.S.C. § 1404(a) was not applicable. The alternative relief requested by the Defendant under § 1404(a) was just that, alternative. Section 1404(a) did not provide an appropriate basis for transfer once

the Court found no jurisdiction over the Defendant, upon which venue was predicated. *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) (explaining that § 1404(a) provides the authority for transfer when venue is proper where the case is filed); *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 734 (N.D. Ill. 2007) (stating that a party moving for transfer under § 1404(a) must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice).

However, even where suit is filed in an improper venue, the district court may transfer the case to a court of proper venue under § 1406(a). A "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming" and may be "justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

Section 1406(a) was not discussed in the previous Motion to Dismiss or the Court's Opinion. Additionally, the Plaintiff had remained silent in response to the City's Motion to Dismiss. In the Motion to Correct, the Plaintiff for the first time responds to the venue issue and has expressed his interest in transferring the action, albeit without reference to any authority. The Plaintiff's failure to defend its chosen forum was problematic. It may be that the Plaintiff was operating under an erroneous concept of personal jurisdiction. *Cf. Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003) (finding that dismissal, rather than transfer, was justified where there was nothing obscure about the proper forum and filing in Illinois was an

"obvious mistake made by a sophisticated party with representation"); *see also Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir. 1980) (distinguishing between a "blantant disregard for the elementary principles of in personam jurisdiction" and "a mistake"). But the Plaintiff, who is represented by counsel, made no attempt to explain to this Court why he believed an Indiana court would have jurisdiction over the City of Dallas for negligent placement of a manhole cover in its own streets. Even if the City had purposefully availed itself of conducting business in Indiana, there was no basis to believe that a City street worker's actions with regard to a manhole cover related to those business activities. Nor did the Plaintiff then, or now, show that failure to transfer would be justice defeating. He complains that he will have to incur a new filing fee to bring his case in Texas, but does not suggest that he would be prevented from filing in Texas.

However, the Court's own research reveals that the statute of limitations for personal injury actions in Texas is two years. Tex. Rev. Civ. Stat. Ann. § 16.003(a). The Plaintiff alleges that he incurred his injuries on October 4, 2013. Therefore, dismissing his case would prevent him from pursuing his claims at all. Under the circumstances of this case, where it is still possible that the Plaintiff was simply mistaken about personal jurisdiction, that result is too harsh.

Although dismissal was not the only available course of action, it was a manifest error of law to dismiss where transfer was also an appropriate remedy, and one that would preserve the Plaintiff's claims for another day and thereby promote the interests of justice. Accordingly, the Court will take action it had authority to take previously, and thereby, potentially "spare[e] the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (stating the purpose behind

Rule 59(e)).

## **CONCLUSION**

For the reasons stated above, the Court REOPENS this case, and GRANTS the Motion to Correct [ECF No. 11]. The Clerk is DIRECTED to TRANSFER this case to the Northern District of Texas, Dallas Division.

SO ORDERED on March 3, 2016.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT
                                      FORT WAYNE DIVISION